THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL G. ROBBINS AND JUDITH A.  :
ROBBINS, TRUSTEES OF THE       :
PAUL G. ROBBINS AND JUDITH A.  :
ROBBINS REVOCABLE LIVING TRUST :
                               :
       Plaintiffs,             :
    v.                         :  3:12-CV-1788
                               :  (JUDGE MARIANI)
CHESAPEAKE APPALACHIA, LLC,    :
DOUG WATHEN, LLC,              :
PHILLIPS AND JORDAN, INC.      :
                               :
       Defendants              :

## MEMORANDUM OPINION

### Introduction

Before the Court is Defendant Chesapeake Appalachia, LLC's ("Chesapeake") Motion to Compel Arbitration (Doc. 10). For the reasons that follow, the Court will grant Defendant Chesapeake's Motion.[1]

### Analysis

To grant Defendant Chesapeake's motion, this Court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009); *Elwyn v. DeLuca*, 48 A.3d 457, 461 (Pa. Super. Ct. 2012). "Whether a claim is within the scope of an arbitration provision is a matter of contract." *Elwyn*, 48 A.3d at 461. Plaintiffs

---

[1] Only Plaintiffs and Defendant Chesapeake are signatories to the arbitration agreements contained in the Lease and Addendum.

concede that a valid arbitration exists (Doc. 21, at 5), but dispute that their claims fall within the scope of the agreement.

The parties agree that the Arbitration Clause in the Addendum to the Oil & Gas Lease applies, though they disagree as to whether it conflicts with the earlier Arbitration Clause and, therefore, supersedes the earlier Clause. The Arbitration Clause in the Addendum states in its entirety:

> Any questions concerning this lease or performance thereunder shall be ascertained and determined by three disinterested arbitrators, one thereof to be appointed by Lessor, one by the Lessee and the third by the two so appointed as aforesaid, and the award of such collective group shall be final and conclusive. The cost of such arbitrators will be borne equally by the parties.

(Addendum to Lease, Doc. 10, Ex. A, ¶ 22).

"[A] claim's substance, not its styling, is to control whether the complaining party must proceed to arbitration or may file" in court. *Shadduck v. Christopher J. Kaclik, Inc.*, 713 A.2d 635, 637 (Pa. Super. Ct. 1998) (holding that the arbitration provision contained "no limiting language of the type that would lead one to believe that only contract claims fall within the purview of the agreement," wherein the agreement stated that "[a]ll claims or disputes . . . arising out of, or relating to, this Contract or the breach thereof shall be decided by arbitration."); *see also Pittsburgh Logistics Sys., Inc. v. Prof'l Transp. and Logistics, Inc.*, 803 A.2d 776, 780 (Pa. Super. Ct. 2002) (finding in *Shadduck*, that "because the factual averments of the tort claims underlie the breach of contract claims, the claims were not temporally or factually distinct and all claims were covered by the arbitration agreement.").

2

Plaintiffs argue that their Complaint sets forth tort claims of trespass and conversion,[2] and, as such, are not covered by the scope of the Arbitration Clause because it governs claims arising only from breach of contract. A conjunctive reading of Plaintiff's Complaint and the Oil & Gas Lease / Addendum, however, shows that the Arbitration Clause is sufficiently broad to cover Defendants' alleged actions.

The Lease states in relevant part:

> Lessor hereby leases exclusively to Lessee all the oil and gas . . . , together with such exclusive rights as may be necessary or convenient for Lessee, at its election, to explore for, develop, produce, measure, and market production from the Leasehold, and from adjoining lands, . . . *including the right to . . . drill, maintain, operate, cease to operate, plug, abandon, and remove wells; to use or install roads*, . . .

(Leasing Clause, Doc. 10, Ex. A) (emphasis added). Further, the Addendum charges Defendant Chesapeake to "construct or install all well sites, access roads and pipeline right-of-ways in a manner which would minimize any related soil erosion," and includes a surface damages provision. (Addendum, ¶¶ 5, 6).

The Complaint states that during early 2012, "Defendants constructed a well pad on the Property for natural gas drilling." (Compl., ¶ 10). "In the course of construction, Defendants entered upon the Property and removed substantial amounts of topsoil from the ground, which were stockpiled on the Property, leaving the bare subsurface rock exposed." (*Id.* at ¶ 11). After removing the topsoil, Defendants allegedly "drilled and blasted extensively and repeatedly with explosives to loosen the bedrock beneath the topsoil,

---

[2] The Complaint also appears to assert a claim for unjust enrichment. (Compl., Doc. 2, Ex. A, ¶ 18).

causing substantial and irreversible damage to the Property, leaving the previously solid bedrock broken into small pieces." (*Id.* at ¶ 12). Defendants then allegedly used the "loosened rock . . . in the construction of the [well pad] and the access road leading from a public road to the [well pad]." (*Id.* at ¶ 13). However, "Plaintiffs never authorized any blasting, mining or other operations for the production or use of the rock making up the Property *in any well pad or other operations*." (*Id.* at ¶ 16) (emphasis added).

A plain reading of the Complaint, Lease, and Addendum reveals that Plaintiffs object to the manner in which Defendants performed their contractual obligations under the Lease and Addendum. As the *Shadduck* court said, "a claim's substance, not its styling, is to control whether the complaining party must proceed to arbitration." 713 A.2d at 637. The Addendum states that "[a]ny questions concerning this lease or performance thereunder" will be submitted to arbitration. (Addendum ¶ 22). This language does not indicate that "only contract claims fall within the purview of the agreement." *See Shadduck*, 713 A.2d at 637. Defendants allegedly constructed a well pad and access roads using materials they obtained from blasting rock after removing topsoil and subsurface rock, none of which, Plaintiffs argue, Defendants were authorized to do. These claims are not temporally or factually distinct from any breach of contract claims that Plaintiffs may have brought.[3]

---

[3] The Court earlier noted that it appeared Plaintiff was asserting an unjust enrichment claim. Under Pennsylvania law, although a plaintiff may plead breach of contract and unjust enrichment claims in the alternative, it is so only "where an express contract cannot be proven." *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 (Pa. Super. Ct. 2009). Because both Plaintiffs and Defendant Chesapeake agree that the Lease governs their contractual relationship, Plaintiffs may not bring an unjust enrichment claim for damages already covered in the Lease Agreement.

Finally, "arbitration agreements may be upheld against non-parties where the interests of such parties are directly related to, if not congruent with, those of a signatory." *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1122 (3d Cir. 1993). In their Answers, both Defendants Doug Wathen, LLC, ("Wathen") and Phillips and Jordan, Inc. ("P&J") asserted that they were sub-contractors for Defendant Chesapeake and any actions they took were at Defendant Chesapeake's direction. (Wathen Answer, Doc. 12, ¶¶ 10, 15, 17, 22; P&J Answer, Doc. 20, ¶¶ 10, 13, 15, Second Affirmative Defense). Defendant Wathen also cross-claimed against Defendant Chesapeake in the event that Plaintiffs secured a judgment against itself. (Wathen Answer, Doc. 12, ¶¶ 26-30).

## Conclusion

Therefore, the Court concludes that Plaintiff's tort claims fall under the purview of the arbitration agreement with Defendant Chesapeake, and thus, must be submitted to arbitration. In addition, because Defendants Wathen and P&J have been made parties to the arbitration proceeding between Plaintiffs and Defendant Chesapeake, any award which Plaintiffs may secure against Defendants Wathen and P&J at arbitration may be entered as judgments against them, thereby precluding further litigation on the matter in this Court. A separate Order follows.

Robert D. Mariani
United States District Court Judge

5